STEINBERG, Judge,
concurring in part and dissenting in part:
I join in the opinion of the Court except for the concluding paragraph of part II.C, which unnecessarily addresses a matter, the effect of the Veterans Benefits Act of 2002(VBA), Pub.L. No. 107-330, § 401, 116 Stat. 2820, 2832 (Dec. 6, 2002), on the Court’s standard of review. Because the preceding two paragraphs in the Court’s opinion fully and completely dispose of the appellant’s unpersuasive contention that the VBA somehow affected the Court’s standard of review as to an appeal of a BVA denial of a CUE claim, there is no occasion for the opinion to address the more general question and thus refer to the Court’s unwarranted — and, in my view, incorrect — dicta in Roberson v. Principi, 17 Vet.App. 135, 139 (2003) (per curiam order). Therefore, I dissent from the last paragraph of part II of the majority opinion; my specific views about these matters are set forth in my dissenting statement accompanying the full Court order in Wells v. Principi, 18 Vet.App. 33 (2004) (en banc per curiam order).
I note also the following about the discussion in part II.A of the Court’s opinion (ante at 181) regarding the standard of review of a Board denial that there was CUE in a prior final decision. I agree that the question whether an applicable law or regulation was not correctly applied is a question of law to be reviewed de novo by the Court. I note, however, that a Board determination that the adjudicator did not have before him or her “the correct facts, as they were known at the time”, Russell v. Principi, 3 Vet.App. 310, 313 (1992) (en banc), and thus that no error was committed, might well be subject to review as a question of fact subject to the “clearly erroneous” standard under 38 U.S.C. § 7261(a)(4). The Board’s decision on the ultimate question — -Was there CUE in the prior decision? — is, of course, reviewable under the 38 U.S.C. § 7261(a)(3)(A) standard — “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law”, as correctly indicated in the Court’s opinion, ante at 182.